UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COREY COLEMAN GRAY,

    Petitioner,

v.

Sheriff A. CRAVER; et al.,

    Respondents.

No. C 05-3820 SI (pr)

**ORDER OF DISMISSAL**

    Corey Coleman Gray, a prisoner incarcerated at the Folsom State Prison in Represa, California, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gray's petition challenges the Mendocino County Superior Court's failure to grant relief on his habeas petition challenging the revocation of parole.[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

    The petition must be dismissed because an error in the state habeas petition process is not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. See id. They instead generally

---

[1] Gray challenges the actual parole revocation decision in a separate habeas petition he filed, Gray v. Coyote Valley Tribal Police, No. C 05-3448 SI.

pertain to the review process itself and not to the decision that caused him to be in custody. See, e.g., 28 U.S.C. § 2254(i) (claims of ineffective assistance of state or federal post-conviction counsel not cognizable on federal habeas review). Gray is in custody because his parole was revoked. He can and has challenged that parole revocation decision. See fn. 1, supra. However, he cannot pursue a separate challenge to the state habeas review of the parole revocation decision. Summary dismissal of a federal habeas petition is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Gray's challenge to the Mendocino County Superior Court's habeas decision is patently frivolous as it has no legal merit at all.

For the foregoing reasons, the petition for writ of habeas corpus is dismissed with prejudice. The in forma pauperis application is GRANTED. (Docket # 3.) The clerk shall close the action.

IT IS SO ORDERED.

DATED: November 4___, 2005

_____
SUSAN ILLSTON
United States District Judge